UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THOMAS EDWARD MORRIS, III,            )
                                      )
              Plaintiff,              )
                                      )
       v.                             )          No. 4:07-CV-1491-CDP
                                      )
CRAWFORD COUNTY SHERIFF'S             )
OFFICE, et al.,                       )
                                      )
              Defendants.             )

## ORDER AND MEMORANDUM

       This matter is before the Court upon the application of Thomas Edward Morris, III

(Registration No.359301) for leave to commence this action without payment of the required filing

fee.

### 28 U.S.C. § 1915(b)(1)

       Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma

pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in

his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account; or (2) the average monthly balance in the prisoner's account for the prior six month period.

See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required

to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these

Dockets.Justia.com

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of plaintiff's account statement indicates an average monthly deposit of $8.33, and an average monthly account balance of $.30.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.67, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if  "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff, an inmate at the Fulton Reception and Diagnostic Center, seeks monetary relief in this 42 U.S.C. § 1983 action against Crawford County Sheriff's Office, William Harlan

2

(Lieutenant), Armand Zefferi (Transportation Officer), Randy Martin (Sheriff), and Janet Young (Sergeant).

Plaintiff alleges that, on February 6, 2007, he was to be transported to the Pulaski County Courthouse relative to second degree burglary charges. Plaintiff claims that he was shackled and belly-chained and ordered by defendant Armand Zefferi "to crawl into a mobile dog and or animal kennel," where he "was lying in dog urine which was dry, and dog feces and animal hair" during this "appro[x]. 90 minute journey." Plaintiff's claims against defendant Armand Zefferi survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendant Armand Zefferi reply to the complaint.

The complaint is legally frivolous as to the remaining defendants. Sheriff's departments are not suable entities. See, e.g., Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject so suit"); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890 (E.D.Va. 1992)(local jails are not "persons" under § 1983). Moreover, plaintiff does not set forth any facts indicating that defendants Harlan, Martin, or Young were directly involved in or personally responsible for the violation of his constitutional rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.67 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue in this action as to defendants Crawford County Sheriff's Office, William Harlan, Randy Martin, and Janet Young, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant Armand Zefferi, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Armand Zefferi shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2007.