UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS EDWARD MORRIS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1491 CDP |
| | ) | |
| ARMAND ZEFFERI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Thomas Morris is a prisoner bringing suit *pro se* and alleging violation of his constitutional rights through the use of cruel and unusual punishment. Morris alleges that Armand Zefferi, a former deputy with the Crawford County Sheriff's Office, forced Morris into a dog cage to transport him for a scheduled court appearance. Zefferi has moved for summary judgment. Because I conclude that Morris's complaint adequately states a claim for violation of his constitutional rights, and qualified immunity does not shield Zefferi, I will deny defendant's motion.

## Background

Thomas Morris was held at the Crawford County Jail as a pre-trial detainee in February of 2007.[1] On February 6, 2007, Morris was transported by Armand Zefferi[2] to the Pulaski County Courthouse, where Morris was scheduled to appear in court. Both Zefferi and Morris agree that Morris was not transported in the usual secured "cage car" used to transport inmates. Rather, Zefferi used a K-9 vehicle – with Morris riding in the secured cage ordinarily used to transport police dogs. According to Morris, he was forced by Zefferi to crawl into a small cage, measuring approximately three and a half feet wide, three feet tall, and three feet deep. Morris also claims the cage was littered with dog hair, as well as dried dog urine and feces. Morris remained in the cage, bound in shackles and handcuffs, for the duration of the 90 minute drive to the Pulaski County Courthouse. As a result of this transport, Morris experienced soreness in his neck and hips that lasted about a week. Morris does not claim any lasting physical injuries.

Zefferi states that he transported Morris in a K-9 vehicle because at the time it was the only secured vehicle available for use. Morris had successfully escaped

---

[1]As a pre-trial detainee, Morris was outside the protections of the Eighth Amendment, because that amendment applies only to convicted prisoners. However, the Fourteenth Amendment constitutional protections for pretrial detainees are governed by the same standards applicable under the Eighth Amendment. See Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006).

[2]Zefferi is the only remaining defendant in this case. Though Morris originally named several defendants, all but Zefferi were dismissed from this suit by an earlier order.

from a transport vehicle once before in 2001, by kicking out a car window and fleeing on foot while still in handcuffs. Given Morris's past history of escape, Zefferi was unwilling to transport Morris in a car that was not secured with a cage. Zefferi also claims that he "tried to make sure" the dog cage in the K-9 vehicle was clean before directing Morris to climb into it.

Morris does not dispute that he had escaped in the past. However Morris questions why, if Zefferi was worried about escape, he did not simply secure Morris with a leg brace or 50,000 volt bracelet – either of which would have prevented Morris from fleeing from a regular transport vehicle. Morris also questions the exigency under which Zefferi transported him in the K-9 car, since Morris's scheduled court appearance was not actually until the following day.

## **Legal Standard**

The standards for summary judgment are well settled. In ruling on summary judgment, the Court views the facts and inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not

rest on the allegations in its pleadings but must set forth by affidavit or other evidence specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

## Discussion

Zefferi raises four arguments in support of his motion for summary judgment. First, Zefferi argues that Morris failed to exhaust his available administrative remedies before filing suit, in violation of the Prison Litigation Reform Act, 42 U.S.C. 1997e(a). Second, he argues that Morris has failed to demonstrate that he suffered any compensable injury and claims only de minimus damages. Third, he argues that the alleged conduct does not constitute a violation of Morris's constitutional rights. Finally, Zefferi argues that he is entitled to summary judgment on the basis of qualified immunity. For the reasons set forth below, I conclude that none of these arguments is persuasive.

1. Failure to Exhaust

The Prison Litigation Reform Act requires "immediate dismissal of all claims brought by inmates . . . under § 1983 or any other federal law until 'such administrative remedies as available are exhausted.'" Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005) (quoting 42 U.S.C. § 1997e(a)). An inmate is excused

from the exhaustion requirement, however, in cases where prison officials prevent the prisoner from utilizing the grievance procedures or where the officials themselves fail to comply with such procedures. *Id*. *See also Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ("[A] remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)."). A prisoner's subjective belief that he has complied with available administrative procedures is not sufficient to satisfy the § 1997e(a) exhaustion requirement. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

In this case, Morris admits he did not comply with the Crawford County Jails' internal administrative procedure for filing grievances. Morris asserts that he was specifically told by a jail official that he should not file any grievance relating to his claim. According to Morris, Pamela McCormick, an officer with the jail, warned Morris that there would be "repercussions" if he filed a grievance. McCormick told Morris that she had "seen guys punished in various ways when they file complaints against certain staff at the jail." "Whatever you do," said McCormick, "do not piss them off!" Morris states that he trusted McCormick's assessment of his situation and concluded that it would not be prudent to file a grievance. Morris had been incarcerated at Crawford County for nearly 13 months at this point and had earned trustee status. He feared the repercussions that might

result from filing a grievance. Knowing that McCormick knew the prison officials better than he did, Morris trusted her judgment.

The Eighth Circuit does not consider the PLRA's requirement of exhaustion of administrative remedies to be a heightened pleading requirement. It is an affirmative defense, which the defendant has the burden of pleading and proving. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001) (citing *Chelette v. Harris*, 229 F.3d 684, 686088 (8th Cir. 2000)). See also *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). Viewing the facts in the light most favorable to Morris, the unavailability of a grievance procedure was not a "subjective belief." Rather, Morris was specifically told by a prison official that he should not file a grievance. Where a prison official thwarts a plaintiff's attempt to file a grievance, the logical conclusion is that the grievance procedure was not "available" to the plaintiff. *Cf. Gibson*, 431 F.3d at 341; *Camp v. Brennan*, 219 F.3d 279 (3rd Cir. 2000) (Prisoner exhausted "available" remedies when specifically told by prison officials that filing a grievance would be futile.). I conclude that Morris's failure to follow the grievance procedure does not bar his claim here.

2.  De Minimus Damages

Zefferi next argues that, even assuming Morris's claim is properly presented, the facts alleged are not actionable because any harm suffered by Morris was de minimus. In support of this position, Zefferi relies on *Smith v.*

*Copeland*, 87 F.3d 265 (8th Cir. 1996). In *Smith*, the plaintiff alleged that he was subjected to an overflowing toilet in his isolation cell for four days. The plaintiff complained the he was forced to endure raw sewage and the offensive smell of his own feces and urine. The Eighth Circuit concluded that the plaintiff's allegations amounted to only a "de minimus imposition," and thus did not implicate constitutional concerns. *Id*. at 268.

Zefferi contends that, like the plaintiff in *Smith*, Morris has not alleged sufficient facts to trigger a constitutional violation. Zefferi maintains that because Morris was only kept in the dog cage for an hour and a half, and did not suffer any lasting permanent injuries, he cannot claim that his rights were violated in any significant way. Being transported in the dog cage, claims Zefferi, was only a de minimus imposition.

This reasoning is unpersuasive. Injuries such as personal humiliation and mental anguish and suffering are compensable under the Eighth Amendment.[3] *Coleman v. Rahija*, 114 F.3d 778, 786 (8th Cir. 1997). That Morris does not allege a significant, long-term physical injury might impact the measure of his recovery; but that fact alone does not mean he fails to allege a constitutional

---

[3]In any event, Morris's case is easily distinguishable from *Smith*. In *Smith*, the plaintiff was given an opportunity to clean up the raw sewage, but chose not to. *Smith*, 87 F.3d at 268. This is akin to the plaintiff in *Camp v. Brennan*, 54 Fed. Appx. 78 (3d Cir. 2002). In *Camp*, the plaintiff claimed he was left tied down naked in a strip cell for two days. In fact, the plaintiff was provided with a blanket to cover himself, but he chose to take it off. No one in Morris's case claims he had a choice as to whether to endure his humiliating treatment.

violation. The Eighth Circuit and others have recognized that degrading and humiliating treatment such as that alleged by Morris can form the basis for a constitutional claim. *See, e.g., Hill v. McKinley*, 311 F.3d 899 (8th Cir. 2002) (female inmate adequately stated a constitutional claim when left restrained and naked, exposed for a substantial length of time in front of male prison guards); *Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (prisoners established constitutional violation when left outside in the cold, exposed to the elements overnight and deprived of "basic elements of hygiene"); *Coleman*, 114 F.3d 778 (female inmate stated a claim for "mental anguish and suffering" caused by defendants' deliberate indifference to her being in labor); *Davis v. Locke*, 936 F.2d 1208 (11th Cir. 1991) (inmate transported in a dog cage with hands tied behind his back and dragged out by his ankles stated adequate claim).

3. <u>Constitutional Violation and Qualified Immunity</u>

The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). To establish an Eighth Amendment violation, a plaintiff has the burden of proving both a subjective and objective component. First, the prison official must deprive the inmate of a right that is objectively "sufficiently serious," so as to rise to the level of a constitutional violation and result in "the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the prison

official may not be held liable for violations of the Eighth Amendment "for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. A claim of deliberate indifference is only indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). When brutality by prison employees is alleged, "the question is whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998).

Confining a grown man to a three feet by three feet by three-and-a-half feet cage is a clear constitutional violation, particularly when that cage is littered with animal excrement. Zefferi cannot credibly claim that he was unaware of this. The absence of a clear factual precedent for this case merely demonstrates that no prison guard has thought to violate the constitution in this way before. It does not mean that Zefferi somehow had a good faith basis for believing that what he did was acceptable. Eighth Circuit case law makes clear that the type of humiliation and degrading treatment alleged by Morris qualifies as a "serious harm" prohibited by the Eighth Amendment.

There has been no showing that Morris's behavior warranted this type of confinement, or that this confinement served a legitimate penological interest. Taking the facts in the light most favorable to Morris, there were no exigent circumstances that would justify such treatment. Zefferi's disregard of an "excessive risk to inmate health or safety" is apparent on its face, and was subjectively clear to Zefferi as well. Transporting an inmate in a small, confined cage where he cannot move is both dangerous and degrading. This treatment violates the Eighth Amendment ban on cruel and unusual punishment.

Zefferi has argued in his brief (and will no doubt argue at trial) that the short duration of Morris's confinement somehow obviates the constitutional violation. Perhaps the jury will agree with him, but perhaps they will not. Admittedly, the length of time that a prisoner is subjected to an inhumane condition is one factor that makes up a part of the analysis with respect to damages. But Zefferi is inviting this Court to engage in a futile line-drawing exercise to determine what length of time spent in a dog cage violates the Eighth Amendment. The facts alleged by Morris show that Zefferi had a sufficiently culpable state of mind, and Morris was deprived of the minimal civilized measure of life's necessities. The constitution requires nothing more.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion [#17] for summary judgment is DENIED. This case will be set for trial separate order.

**IT IS FURTHER ORDERED** that plaintiff's motion [#29] to amend his complaint is DENIED.

                                          _____
                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2008.